IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                             NO. WR-61,588-02



 

 

                               EX
PARTE LAWRENCE BERYL GLASS, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                     FROM
BOSQUE COUNTY



 

 

Johnson,
J., filed a concurring statement, joined by Price and Holcomb, JJ.

 

                                         C
O N C U R R I N G   S T A T E M E N T

 








Applicant previously filed an application for writ
of habeas corpus pursuant to Tex. Code
Crim. Proc. Article 11.07.  That application was dismissed because
applicant=s probation had never been revoked, and by its clear
language Article 11.07 applies only to final felony convictions. Art. 11.07, ' 3(a)(AAfter final conviction in any felony case . . ..@).  Persons who are on community supervision or who have been on a
community supervision that was never revoked may challenge the underlying
conviction  pursuant to Tex. Code Crim.
Proc. Art. 11.072, Procedure in Community Supervision Case (AThis article establishes the procedures for an application for a writ
of habeas corpus in a felony . . . case in which the applicant seeks relief
from . . . a judgment of conviction ordering community supervision.@).

I concur in the denial of relief for three reasons. 
The first reason arises from procedural errors in the trial court.  Applicant
responded to the previous order of dismissal, pursuant to Art. 11.07, by filing
a second application, pursuant to Art. 11.072.  However, in spite of applicant=s specific pleading of Art. 11.072,[1]
the trial court,[2]
the prosecutor,[3]
and the district clerk=s office (complying with the trial court=s order)[4]
continued to treat applicant=s pleading as if it were an action pursuant to Art.
11.07.  Unfortunately, applicant now must bear the burden of the mistakes of
the court, the state, and the clerk.  It is to be hoped that, should applicant
file another application under Art. 11.072, the court, the state, and the clerk
will respond appropriately.

The second reason for dismissing this application is
that applicant was sentenced, in 1947, to 2-5 years in prison, with the
execution of the sentence suspended.  If, in fact, the probation was never
revoked, a writ filed in regard to that sentence pursuant to Art. 11.072, just
like writs filed pursuant to Art. 11.07, must plead collateral consequences
from the improper conviction in order to avoid dismissal on the grounds that
the sentence has long since been discharged.  The pending application alleges
no such consequences, and it must also be dismissed for that reason.








The third reason for dismissing this application is
the ground alleged: applicant committed the offense when he was a minor of 16,
but the county waited until he was 17 and then indicted and convicted applicant
as an adult.  This is a complaint that should have been raised on appeal, as
the facts on which the complaint is based were known to applicant at the time
of trial and conviction.  While a complaint about ineffective assistance would
be cognizable, it is not raised, and at this late date, would be exceedingly
difficult to litigate.

 

Filed:
October 11, 2006

Publish









[1] Applicant=s pleadings are styled AApplication for Art. 11.072 Writ of
Habeas Corpus.@  Response should therefore have
been made pursuant to Art. 11.072, '' 4-7.  Further, the writ is not returnable to this Court;
an adverse ruling must be appealed under Rule of Appellate Procedure 31 and
either Art. 44.01 (State) or Art. 44.02 (defendant).  Art. 11.072, ' 8. 





[2] AThe clerk is directed to comply with art. 11.07
(3)(c) of the Code of Criminal Procedure . . ..@ Findings and Order, September 5th, 2006.





[3] AThis Court denied this Applicant=s previous Application, which was
identical to this one, on September 28th, 2005.@  State=s answer, page 5.





[4] APursuant to the provision of Art. 11.07, 2[c] . . ..@ Clerk=s Notice of Application of Habeas
Corpus CCP 11.07 3[c].